UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PAVEY SERVICES LIMITED            :
                                  :
                    Plaintiff,    :
                                  :      08 CV 7437
        - against -               :      ECF CASE
                                  :
COSCO BULK CARRIER CO LIMTITED    :
                                  :
                    Defendant.    :
------------------------------------------------------X

### VERIFIED COMPLAINT

Plaintiff PAVEY SERVICES LIMITED ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, COSCO BULK CARRIER CO LIMITED, ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in the Isle of Man and was the registered Owner of the M/V BREMEN MAX ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in China and was the Charterer of the Vessel.

4. Pursuant to the terms of a NYPE time charter party dated August 18, 2007 the Plaintiff chartered the Vessel to the Defendant for a period of 11-13 months in the Defendant's option.

5. The charter party called for the carriage of sinter feed from Brazil to Bulgaria.

6. The charter party provided that "In case original Bills of Lading are not available at discharge port(s), Master/Owners to allow discharge and release the cargo on board against Charterers' single Letter of Indemnity signed by Charterers only with wording as per Owners' Protection and Indemnity club recommendations."

9. The Vessel properly loaded her cargo and issued 10 bills of lading dated 8 March 2008, naming Companhia Vale de Rio Doce as the shipper and named G and M-5 as agent and Kremikovtzi AD as the notify party.

10. During the course of the Voyage, the Defendant advised the Plaintiff that the original bills of lading would not be available at the discharge port and requested that the Plaintiff discharge the cargo against a letter of indemnity.

11. Plaintiff agreed to discharge the cargo against the letter of indemnity which was presented to the Plaintiff on 27 March 2008. *See Letter of Indemnity dd 27 March 2008, attached hereto as Exhibit 1.*

12. Thereafter, the Plaintiff delivered the cargo on 28 March 2008 to Kremikovtzi.

13. On 23 July 2008, Stemcor (UK) Ltd. advised the Plaintiff, through Stemcor's London solicitor, that they were the holders of the original bills of lading and was seeking to recover its cargo which was under threat of public auction for local duties outstanding as a result of delivery to third parties. *See Letter from Ince & Co. to Plaintiff dd 23 July 2008, attached hereto as Exhibit 2.*

14. The Plaintiff immediately contacted the Defendant to confirm that it would comply with its obligations under the letter of indemnity with respect to Stemcor's claims.

2

15. The Defendant has failed to confirm that it is willing and prepared to comply with its obligations under the letters of indemnity and has failed to contact Stemcor's solicitors and has failed to provide them with demanded security.

16. On 14 August 2008, Plaintiff was advised that Stemcor's London solicitors were instructed to proceed against the Vessel and the Plaintiff and are now seeking security in the amount of USD $11,000,000.00. *See Letter from Ince & Co. to Plaintiff's overseas counsel dd. 14 August 2008, attached hereto as Exhibit 3.*

17. On 20 August 2008, Stemcor's London solicitors advised the Plaintiff that "we are now instructed to proceed against the above vessel without further notice" but that they would accept alternate security from the Plaintiff in the amount of USD $11,000,000.00. *See Letter from Ince & Co. to Plaintiff dd. 20 August 2008, attached hereto as Exhibit 4.*

18. During this entire course of communications with Stemcor's solicitors, the Defendant has failed to confirm that it will comply with the terms of the letter of indemnity, and in particular paragraph 3, which provides:

> If, in connection with the delivery of the cargo as aforesaid, the ship, or any other ship or property in the same associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel (whether by virtue of a caveat being entered on the ship's registry or otherwise howsoever) to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest, or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

*See Letter to Defendant dd. 14 August 2008, attached hereto as Exhibit 5.*

19. The Vessel is scheduled to arrive in Gladstone, Australia on 22 August 2008 at which time the Vessel will likely be arrested during her stay in Australia.

3

20. The Defendant is liable to the Plaintiff for any and all actions taken against the Plaintiff by third parties, including Stemcor, pursuant to the terms of the letter of indemnity issued by the Defendant to the Plaintiff.

21. Based on the claim letter from Ince & Co, acting on behalf of Stemcor, the Plaintiff's liability, as the Vessel Owner, is imminent and is clearly the ultimate liability of the Defendant, pursuant to the terms of the letter of indemnity. See *Hibiscus Shipping, Ltd. v. Novel Commodities S.A.*, 2004 US Dist LEXIS 30328 (motion to vacate attachment denied because claim letter presented to the plaintiff outlined the nature of their claim and damages sought.

22. As a result of Defendant's failure to comply with the terms of the letter of indemnity issued pursuant to the charter party, Plaintiff is imminently threatened to suffer damages in the total principal amount of **$11,000,000.00** exclusive of fees and costs.

23. The charter party provides that any disputes arising thereunder shall be referred to London Arbitration with English law to apply and the LOI provides that any disputes arising thereunder shall be referred to the English High Court of Justice with English law to apply.

24. Plaintiff has commenced proceedings in the High Court of Justice, Queen's Bench Division, Commercial Court seeking an interim mandatory injunction against the Defendant to comply with its obligations under the letter of indemnity. *See Claim Submission attached hereto as Exhibit 6.*

25. Despite due demand, Defendant has failed to comply with the terms of the letter of indemnity and has failed to provide the necessary security to Stemcor as requested by Stemcor's London solicitors.

26. Plaintiff expects that it will recover the full amount of security sought in this matter, in London proceedings, in the amount of USD $11,000,000.00 and will incur costs in the

4

amount of USD $500,000.00 within the London proceedings, which costs are recoverable therein. As best as can now be estimated, Plaintiff expects to recover the following amounts:

A. Principal claim: $11,000,000.00
B. Estimated fees and costs: $500,000.00
C. Total Claim $11,500,000.00

27. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

28. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$11,500,000.00**.

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant

to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $11,500,000.00 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D.   That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.   That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: August 22, 2008
       New York, NY

The Plaintiff,
PAVEY SERVICES LIMITED

By: _____
Thomas L. Tisdale (TT 5263)
Claurisse Campanale Orozco (CC 3581)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

6

## ATTORNEY'S VERIFICATION

State of New York  )
                   )  ss.:   City of New York
County of New York )

1. My name is Thomas L. Tisdale.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: August 22, 2008
New York, NY

_____
Thomas L. Tisdale

7

# COSCO BULK CARRIER CO., Ltd.

中远散货运输有限公司

Date: 27TH MAR 2008

To:  PAVEY SERVICES LTD
     The Owners of the m/v "Bremen Max"

Dear Sirs

**Ship:** MV BREMEN MAX

**Voyage:** TUBARAO PORT, BRAZIL voyage to PORT OF BOURGAS, BULGARIA

**Cargo:** BRAZILIAN ORIGIN SINTER FEED OPPORTUNITY TUBARAO (SFOT)

**Bill of lading:**

NO. 1 – 7,000MTS - ISSUED: TUBARAO, BRAZIL, DATED: 08TH MARCH 2008

NO. 2 – 7,000MTS - ISSUED: TUBARAO, BRAZIL, DATED: 08TH MARCH 2008

NO. 3 – 7,000MTS - ISSUED: TUBARAO, BRAZIL, DATED: 08TH MARCH 2008

NO. 4 – 7,000MTS - ISSUED: TUBARAO, BRAZIL, DATED: 08TH MARCH 2008

NO. 5 – 7,000MTS - ISSUED: TUBARAO, BRAZIL, DATED: 08TH MARCH 2008

NO. 6 – 7,000MTS - ISSUED: TUBARAO, BRAZIL, DATED: 08TH MARCH 2008

NO. 7 – 7,000MTS - ISSUED: TUBARAO, BRAZIL, DATED: 08TH MARCH 2008

NO. 8 – 7,000MTS - ISSUED: TUBARAO, BRAZIL, DATED: 08TH MARCH 2008

NO. 9 – 7,600MTS – ISSUED: TUBARAO, BRAZIL, DATED: 08TH MARCH 2008

NO. 10 – 7,280MTS - ISSUED: TUBARAO, BRAZIL, DATED: 08TH MARCH 2008

**TOTAL: 70,880 MTS**

The above cargo was shipped on the above ship by COMPANHIA VALE DO RIO DOCE and consigned to THE ORDER OF HSH NORDBANK AG, LONDON for delivery at the port of BOURGAS, BULGARIA but the bill of lading has not arrived and we, COSCO BULK CARRIER CO.,LTD, hereby request you to deliver the said cargo to KREMIKOVTZI AD, SOFIA - BOTUNETZ at PORT OF BOURGAS, BULGARIA without production of the original bill of lading.

In consideration of your complying with our above request, we hereby agree as follows:-

1. To indemnify you, your servants and agents and to hold all of you harmless in respect of any liability, loss, damage or expense of whatsoever nature which you may sustain by reason of delivering the cargo in accordance with our request.

2. In the event of any proceedings being commenced against you or any of your servants or agents in connection with the delivery of the cargo as aforesaid, to provide you or them on demand with sufficient funds to defend the same.

COSCO BULK CARRIER CO., Ltd.
中远散货运输有限公司

3. If, in connection with the delivery of the cargo as aforesaid, the ship, or any other ship or property in the same or associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel (whether by virtue of a caveat being entered on the ship's registry or otherwise howsoever), to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

4. If the place at which we have asked you to make delivery is a bulk liquid or gas terminal or facility, or another ship, lighter or barge, then delivery to such terminal, facility, ship, lighter or barge shall be deemed to be delivery to the party to whom we have requested you to make such delivery.

5. As soon as all original bills of lading for the above cargo shall have come into our possession, to deliver the same to you, or otherwise to cause all original bills of lading to be delivered to you, whereupon our liability hereunder shall cease.

6. The liability of each and every person under this indemnity shall be joint and several and shall not be conditional upon your proceeding first against any person, whether or not such person is party to or liable under this indemnity.

7. This indemnity shall be governed by and construed in accordance with English law and each and every person liable under this indemnity shall at your request submit to the jurisdiction of the High Court of Justice of England.

Yours faithfully
For and on behalf of
Cosco Bulk Carrier Co.,Ltd
The Requestor

*[stamp: For and on behalf of COSCO BULK CARRIER CO., LTD. 中远散货运输有限公司]*
*[signature]*

Capt. Wu Jian  *Authorized Signature(s)*
Operation Manager of Panamax Fleet, COSCO Bulk Carrier CO., LTD

ADDRESS: NO.1 OCEAN SHIPPING PLAZA, HEBAI DISTRICT, TIANJIN, P.R CHINA
TEL: +86-22 2420 6666 FAX: +86-22 2420 6668 TLX:234230 COSBK CN



**INTERNATIONAL LAW FIRM**

International House
1 St Katharine's Way
London E1W 1AY
DX 1070 London City

Tel +44 20 7481 0010
Fax +44 20 7481 4968
www.incelaw.com

Pavey Services Ltd
P.O. Box 3174
Road Town Tortola
BVI

Your Ref
Our Ref    JRF/JSH/8283/8723

23 July 2008

**By Email Only**

Dear Sirs

## Bremen Max - Iron Ore Brazil to Bulgaria
## Bills of Lading dated 8.03.2008

We act for Stemcor UK Ltd, the holder of all the above original bills of lading and the owners of the cargo. The bills of lading are available for inspection at our offices by appointment during normal office hours.

Since the cargo has been discharged at Bourgas without production of the bills of lading, we hereby call upon the Shipowners to inform us on our clients' behalf (1) in relation to cargo which remains in their possession or control, who on their behalf has possession of the cargo, and for Shipowners to confirm that they are ready, willing and able to deliver up possession of the cargo to us or as we may direct in return for the original bills of lading; and (2) in relation to cargo which is no longer in their possession or control, in what circumstances they parted with possession of the cargo.

In the meantime we necessarily reserve all our clients' rights. We also give you notice that some of the cargo is under threat of public auction as a result of alleged deliveries to third parties who are said to be liable for local duties.

We look forward to hearing from you or your P and I club as a matter of urgency.

Yours faithfully,

Ince & Co

DUBAI  I  HAMBURG  I  HONG KONG  I  LE HAVRE  I  LONDON  I  PARIS  I  PIRAEUS  I  SHANGHAI  I  SINGAPORE

Ince & Co is a partnership of solicitors and registered foreign lawyers and is Regulated by the Solicitors Regulation Authority. A full list of Partners is available for inspection at the above address.

EUGENERAL 4180394



INTERNATIONAL
LAW FIRM

23 July 2008

Cc:  Enterprises Shipping & Trading SA
     11 Posidonos Avenue
     Elliniko
     167 77 Athens
     Greece



INTERNATIONAL
LAW FIRM

Thomas Cooper
11 Kanari Street
Kolonaki
10671
Athens
Greece

International House
1 St Katharine's Way
London E1W 1AY
DX 1070 London City

Tel +44 20 7481 0010
Fax +44 20 7481 4968
www.incelaw.com

For the attention of Douglas Bateson and Ionna Vitta

Your Ref   DWB/IV/mb/00020709/new
Our Ref    JRF/JSH/8283/8723

14 August 2008

By Email and Fax

Dear Sirs

**Bremen Max - Iron Ore Brazil to Bulgaria**

**Bills of Lading dated 8.03.2008**

We refer to your fax dated 12 August 2008.

Please note our confirmation that our clients did not charter the vessel. On the basis that COSCO, who we understand did charter the vessel, have not told your clients of any existing sub charters, it would seem that the forbearance which our clients gave your clients in order that they carry out due enquiries with COSCO has not been well spent. Nor, it seems, have your clients ascertained from their charterers to whom they transferred possession and control of the cargo. Furthermore, you appear unable to tell us of any steps taken by your clients to recover or even secure the cargo.

In the circumstances, we are instructed to commence proceedings against the vessel and her owners and we should be grateful if you would confirm that you are authorised to accept service. Also, we should be grateful if you would take your clients' instructions on what form of security they are prepared to offer in the sum of US$11m (58,880 mt x US$163.60 plus interest and costs).

Our clients are, as you are aware, the holders of all the bills of lading in respect of the cargo. It is not clear at this stage whether your clients intend to allege that our clients are not the lawful holders of the bills of lading, but if they do proceed to do so then it is for them to justify such a contention. Nevertheless, with a view to narrowing the issues between our clients please be advised that we intend to have the bank endorse the bills again.

DUBAI  I  HAMBURG  I  HONG KONG  I  LE HAVRE  I  LONDON  I  PARIS  I  PIRAEUS  I  SHANGHAI  I  SINGAPORE

Ince & Co is a partnership of solicitors and registered foreign lawyers and is regulated by the Solicitors Regulation Authority. A full list of Partners is available for inspection at the above address.
1.05.2919.00 12056529

INCE & CO
INTERNATIONAL LAW FIRM

14 August 2008

Yours faithfully,

*Ince & Co.*

Ince & Co

# Fax



**INTERNATIONAL LAW FIRM**

Ince & Co is a partnership of solicitors and registered foreign lawyers and is regulated by the Solicitors Regulation Authority. A list of partners is open to inspection at the office shown.

This message and any attachments are confidential to the intended recipient and may be privileged. If you are not the intended recipient we request that you contact us and not make any use of them pending arrangements for their return or destruction.

Please contact us immediately if any part of this transmission is incorrectly received. This document has been generated electronically and therefore may not include a signature.

International House
1 St Katharine's Way
London E1W 1AY
DX 1070 London City

Tel +44 20 7481 0010
Fax +44 20 7481 4968
www.incelaw.com

| From | Our Ref | Date |
|---|---|---|
| Jeremy Farr/Jennifer Hughes | JRF/JSH/8283/8723 | 20 August 2008 |
| To | Attention | Your Ref |
| Thomas Cooper | Douglas Bateson and Ionna Vitta | DWB/IV/mb/00020709/new |
| Total number of pages | Town/Country | Fax Number |
| 2 | Athens, Greece | 00 30 210 361 4842 |
| Copies to | Attention/Ref | Town/Country/Fax Number |

Matter
**Bremen Max - Iron One Brazil to Bulgaria
Bills of Lading dated 8.03.2008**

Please see attached.



INTERNATIONAL
LAW FIRM

Thomas Cooper
11 Kanari Street
Kolonaki
10671
Athens
Greece

International House
1 St Katharine's Way
London E1W 1AY
DX 1070 London City

Tel +44 20 7481 0010
Fax +44 20 7481 4968
www.incelaw.com

For the attention of Douglas Bateson and Ionna Vitta

Your Ref   DWB/IV/mb/00020709/new
Our Ref    JRF/JSH/8283/8723

20 August 2008

By Email and Fax

Dear Sirs

**Bremen Max - Iron Ore Brazil to Bulgaria**

**Bills of Lading dated 8.03.2008**

We refer to our fax dated 14 August 2008 and your response of even date in which you indicated that you were taking instructions from your client.

We have since heard nothing further from you and therefore please be advised that we are now instructed to proceed against the above vessel without further notice.

Yours faithfully,

Ince & Co

DUBAI I HAMBURG I HONG KONG I LE HAVRE I LONDON I PARIS I PIRAEUS I SHANGHAI I SINGAPORE

Ince & Co is a partnership of solicitors and registered foreign lawyers and is regulated by the Solicitors Regulation Authority. A full list of Partners is available for inspection at the above address.

# THOMAS COOPER

To      Cosco Bulk Carrier Co. Ltd (Cosco Tianjin)
        C/o Clarksons Hellas
        By email: operations@clarksons.gr

Our Ref   DWB/IV/00020709/0130                      14 August 2008

Total number of pages    4


Dear Sirs

M/V "BREMEN MAX" – Iron order Brazil to Bulgaria – Bills of Lading dd 06.03.2008

We refer to our fax dated 8 August 2008.

We have today received the attached message from Ince & Co., acting on behalf of Stemcor UK Ltd, holders of the above noted bills of lading. As you will note, Ince & Co. are now instructed to commence proceedings against the vessel and Owners and seek security in the sum of US$11m plus interest and costs, form to be agreed. The vessel is currently en-route to Gladstone, Australia with an ETA of 20 August 2008.

In light of this development, Owners require confirmation that you will immediately contact Ince & Co. in order to secure their claim so that the vessel is not arrested and delayed, as you have undertaken to do pursuant to Clause 3 of the LOI dated 27 March 2008. Kindly copy Owners and the undersigned into all correspondence exchanged with Ince & Co.

Should you fail to perform your obligations pursuant to Clause 3 of the LOI, we shall advise our clients to apply to court for an order that you provide the necessary security.

We await your response.

Cont'd

LONDON    ATHENS    MADRID    PARIS    SINGAPORE    VANCOUVER

Thomas Cooper  11 Kanari Street  Kolonaki  106 71 Athens  Greece
T +30 210 361 4840  F +30 210 361 4842  E info@thomascooperlaw.com  www.thomascooperlaw.com

A full list of the partners is available at the above address. Regulated by the Solicitors Regulatory Authority

The information contained in this message is confidential and is intended for the use only of the addressee.
Any unauthorised dissemination or copying of this message, and any use or disclosure of information contained in it, is strictly prohibited and may be illegal.
Please tell us busy immediately by telephone if this message has been sent to you in error and return it to us by post, at our cost.

Regards

*Thomas Cooper* (signature)

Douglas Bateson / Ioanna Villa
Thomas Cooper
Tel: +30 210 3614 840
Fax: +30 210 3614 842
douglas.bateson@thomascooperlaw.com
ioanna.villa@thomascooperlaw.com

T H O M A S
C O O P E R

2

# THOMAS COOPER

To      Cosco Bulk Carrier Co. Ltd (Cosco Tianjin)
C/o Clarksons Hellas
By email: operations@clarksons.gr

Our Ref    DWB/IV/00020709/0130                    14 August 2008

Total number of pages    4

Dear Sirs

M/V "BREMEN MAX" – Iron order Brazil to Bulgaria – Bills of Lading dd 08.03.2008

We refer to our fax dated 8 August 2008.

We have today received the attached message from Ince & Co., acting on behalf of Siemcor UK Ltd, holders of the above noted bills of lading. As you will note, Ince & Co. are now instructed to commence proceedings against the vessel and Owners and seek security in the sum of US$11m plus interest and costs, form to be agreed. The vessel is currently en-route to Gladstone, Australia with an ETA of 20 August 2008.

In light of this development, Owners require confirmation that you will immediately contact Ince & Co. in order to secure their claim so that the vessel is not arrested and delayed, as you have undertaken to do pursuant to Clause 3 of the LOI dated 27 March 2008. Kindly copy Owners and the undersigned into all correspondence exchanged with Ince & Co.

Should you fail to perform your obligations pursuant to Clause 3 of the LOI, we shall advise our clients to apply to court for an order that you provide the necessary security.

We await your response.

Cont'd

LONDON     ATHENS     MADRID     PARIS     SINGAPORE     VANCOUVER

Thomas Cooper   11 Kanari Street   Kolonaki   106 71 Athens   Greece
T +30 210 361 4840   F +30 210 361 4842   E info@thomascooperlaw.com   www.thomascooperlaw.com

A full list of the partners is available at the above address. Regulated by the Solicitors Regulatory Authority

The information contained in this message is confidential and is intended for the use only of the addressee. Any unauthorised dissemination or copying of this message, and any use or disclosure of information contained in it, is strictly prohibited and may be illegal. Please tell us immediately by telephone if this message has been sent to you in error and return it to us by post, at our cost.

Regards

*[signature: Thomas Cooper]*

Douglas Bateson / Ioanna Villa
Thomas Cooper
Tel: +30 210 3614 840
Fax: +30 210 3614 842
douglas.bateson@thomascooperlaw.com
ioanna.villa@thomascooperlaw.com

THOMAS
COOPER

2